**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

**UNITED STATES OF AMERICA,**                 :

                                           :

                                           :        **24 Cr. 465 (PKC)**

                                           :

        **- v.-**                 :

                                           :

**LEON WILSON,**                              :

                                           :

                                           :

     **Defendants.**             :

-----------------------------------------------------------------X

 

 

**LEON WILSON'S**
**PROPOSED INTRODUCTION AND**
**EXAMINATION OF PROSPECTIVE JURORS**

 

 

        **Mark S. DeMarco**
        **Jeffery Greco**
        *Attorneys for Leon Wilson*

The defendant Leon Wilson respectfully requests that the Court include the following introduction prior to its general *voir dire* of the jurors and that, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court, in addition to its customary *voir dire* questions, include the attached questions so that the defense may effectively exercise its challenges for cause and its peremptory challenges.

Mr. Wilson further requests that the Court conduct more detailed questioning at sidebar or in the robing room should further inquiry of a prospective juror be appropriate. If such further questioning is needed, Mr. Wilson respectfully requests that the Court inquire whether the fact or circumstance raised would influence the prospective juror in favor of or against Mr. Wilson.

Finally, we respectfully ask this Court to follow the lead of the Western District of Washington, which has pioneered an effort to educate potential jurors by requiring, in every case, an educational video, a jury instruction, and questioning about unconscious bias. *See* United States District Court for the Western District of Washington, *Unconscious Bias Juror Video*, available at https://www.wawd.uscourts.gov/jury/unconscious-bias ("The video and jury instructions on this page were created by a committee of judges and attorneys and will be presented to jurors in every case with the intent of highlighting and combating the problems presented by unconscious bias."). The brief, ten-minute W.D. Wash. video should be played for the jury so that he may be afforded a jury that gives him a fair trial. If granted, counsel will receive permission from William McCool, W.D. Wash. District Court Executive/Clerk.

## I.   **PRELIMINARY JURY INSTRUCTION**

At the outset of this trial, it may be helpful to briefly summarize the charges in this criminal case. These are just charges and are not themselves evidence of anything. Likewise, nothing I am about to say is evidence: it is just a summary of the charges to give you a legal framework as you listen to the evidence. Under our system of law, a defendant is presumed innocent and can only be convicted of any given charge if the government proves every essential element of that charge beyond a reasonable doubt.

The defendant Leon Wilson is charged with two separate crimes or "counts." They are as follows:

**Count One** charges him with Deprivation of Rights Under Color of Law.

**Count Two** charges him with using a firearm during a crime of violence.

At the end of the trial, I will give you more detailed instructions about each of the charges. Meanwhile, however, please keep in mind that the defendant has pleaded not guilty to each of these charges and that he is presumed innocent of each of these charges unless and until the government proves him guilty of a given charge beyond a reasonable doubt.

## II   **RELATIONSHIP WITH GOVERNMENT**

1.     Do any of you know, or have any association – professional, business, or social, direct or indirect – with any member of the staff of the United States Attorney's Office for the Eastern District of New York? The Department of Justice? The New York City Police Department ("NYPD")? Is any member of your family, any associate or close friend, employed by any law enforcement agency, whether federal, state or local?

2.     Have you, or has any member of your family, any associate or close friend, ever been employed by any other government agency, whether federal, state or local?

2

### III.    __PUBLICITY__

3.      Have you read, seen or heard anything about this case?

    a.      If so, what have you seen, read or heard about this case, the circumstances surrounding it and where you received this information.

    b.      When you learned about this case, what was your reaction.

    c.      As a result of the information that you have seen, read or heard, have you formed any opinions about this case?

    d.      Have you discussed this incident or heard anyone else talk about this incident?

        i.      If so, have you formed any opinion about guilt or innocence?

4.      Have you seen, heard or read anything about Metropolitan Detention Center (also know as the MDC) in Brooklyn, New York? If a potential juror answers "yes," follow-up questions should address what they have seen, heard or read, and the source. [Given that the potential juror's answers to follow-up questions could taint the venire, follow-up should take place individually, at side bar or outside the presence of the juror pool];

5.      Do you think you have seen, heard, or read anything else about or related to this case? If a potential juror answers "yes," follow-up questions should address what they have seen, heard or read, and the source. [Given that the potential juror's answers to follow-up questions could taint the venire, follow-up should take place individually, at side bar or outside the presence of the juror pool];

6.      Have you drawn any conclusions or opinions about this case based on what you have seen, heard or read that you think would impact your ability to be a fair and

impartial juror in this case? If a potential juror answers "yes," the Court should follow-up individually as to the reason for that belief. [Given that the potential juror's answers to follow-up questions could taint the venire, individual follow-up should take place at side bar or outside the presence of the juror pool].

IV.     **UNCONSCIOUS BIAS**

7.      Growing scientific research indicates we all have "unconscious biases" or hidden feelings, perceptions, fears, and stereotypes in our subconscious. These hidden thoughts often impact how we remember what we see and hear and how we make important decisions. While it is difficult to control one's subconscious thoughts, being aware of these hidden biases can help counteract them. I'd like to get a sense of your reaction to the concept of subconscious or implicit racial biases and whether you are open to believing it may influence you in your day-to-day decision making. Let me start by asking for your reaction to learning about the idea of implicit, or subconscious racial bias?

8.      Describe a particularly impactful interaction that you or someone close to you had with a member of another race?

9.      Describe a time a time you relied on an assumption about another person that turned out to be wrong?

V.      **EXPERIENCE AS A DEFENDANT,  CRIME VICTIM OR WITH THE PRISON SYSTEM**

10.     Have any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a legislative committee or governmental agency?

11.    Have you ever been a witness or a complainant in any federal or state prosecution? What was the nature of that prosecution? Did you testify in any proceeding?

12.    Have you, or has any member of your family, any associate or close friend, ever been charged with a crime? [Mr. Wilson respectfully requests that the Court allow any juror who answers affirmatively the option to discuss this issue at sidebar or in robing room.]

      a.    What crime?

      b.    How was the case resolved?

13.    Have you, or has any member of your family, any associate or close friend, ever been a victim of a crime or involved in any way in a case involving illegal firearms, street gangs or violent conduct? [As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each crime.]

14.    Have you had any experiences with, or do you have any views regarding, attorneys who defend people accused of crimes that would make it difficult for you to be a juror in this case?

15.    Have you or anyone close to you ever been detained or imprisoned at a jail, detention center, prison or any other correctional facility. If a potential juror answers "yes," follow-up questions should address:

      a.    the person's relationship to you;

      b.    the approximate date(s) of detention;

      c.    the name(s) of the facility or facilities;

      d.    the reason for detention;

e.      whether there anything about that experience that makes the potential juror believe heor should would be unable to be fair and impartial in this case.

[Given that the potential juror's answers to follow-up questions could be sensitive in nature and/or could taint the venire, follow-up should take place individually, at side bar or outside the presence of the juror pool];

16.      Have you, a family member or close friend ever worked in a jail, prison, or correctional facility of any kind, in any capacity? If a potential juror answers "yes," follow up questions should require the juror to identify:

a.      the person's relationship to you;

b.      the location and name of the facility;

c.      the position(s) held; and

d.      the length and nature of employment;

## VI.    ABILITY TO RENDER A FAIR AND IMPARTIAL VERDICT

17.      During the trial, you will hear evidence concerning a non-fatal shooting. Does the fact that the charges involve a non-fatal shooting affect your ability to render a fair verdict?

18.      Has any juror's relative, close friend, or associate ever been involved – as a defendant, victim, or in any other way – in a case involving illegal drugs, firearms, or a crime of violence?

19.      Has any juror had any personal experience with narcotics, firearms, or violent crime that would make it difficult for him or her to be impartial?

**VII.    LAW ENFORCEMENT WITNESSES**

20.    The government witnesses in this case will consist in part of law enforcement officers. Would any of you be more likely to believe a witness merely because he or she is a member of a law enforcement agency?

21.    Does anyone have any personal feelings or experiences concerning law enforcement witnesses that would in any way affect their ability to be fair and impartial in this case?

**VIII.    COOPERATING WITNESSES** – **If Applicable**

22.    The government may also present the testimony of cooperating witnesses who have pleaded guilty to other crimes in exchange for the possibility of more lenient punishment from the Court. Would any of you be more likely to believe a witness merely because he or she is testifying pursuant to a cooperation agreement with the government?

23.    Does anyone have personal feelings or experiences concerning cooperating witnesses generally that would in any way affect their ability to be fair and impartial in this case?

**IX.    FIREARMS/WEAPONS**

24.    This case may also involve testimony or evidence relating to firearms. How many of you feel that because of this testimony or evidence, it might be difficult for you to sit as a juror?

25.    Have you, any family members or friends ever had a bad experience involving a weapon?

26.    Have you or any family member or friend ever owned a firearm of any kind or belonged to any kind of anti-gun or pro-gun organization?

    a.    If so, which one?

7

27.     Would any feelings that you have about firearms affect your judgment in this case?

### X.     DRUGS/NARCOTICS

28.     This case will may involve testimony or evidence relating to the sale, possession or use of illegal drugs. Would you have any feelings about such testimony that might affect your judgment in this case?

### XI.     OTHER QUESTIONS

29.     Do any of you have problems with your hearing or vision which would prevent you from giving full attention to all the evidence at this trial?

30.     Are any of you taking any medication, or do any of you have any medical condition, that would prevent you from giving full attention to all the evidence at this trial or otherwise interfere with your ability to serve as a juror in this case? [Mr. Wilson respectfully requests that the Court allow any juror who answers affirmatively the option to discuss this issue at sidebar or in robing room.]

31.     Do any of you have any difficulty reading or understanding English?

32.     Do any of you have any religious, philosophical or other beliefs that would make you unable to render a verdict in this criminal case?

## XII.    FUNCTION OF THE COURT AND JURY

33.    The function of the jury is to decide questions of fact. You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive factfinder. When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions. You may not substitute your own notions of what the law is, or what you think it should be.

34.    At the conclusion of the case, your job will be to determine whether Mr. Wilson is guilty of the crimes charged in the Indictment. Does any juror have any bias or prejudice, or any philosophical or religious belief, that might prevent or hinder him or her from accepting the instructions of law that I will give the jury in this case?

35.    In the United States, a criminal defendant is presumed innocent unless and until the government proves the defendant's guilt beyond a reasonable doubt. That burden never shifts to the defendant. The presumption of innocence remains with Mr. Wilson throughout this trial, and he cannot be convicted unless and until the jury, unanimously and based solely on the evidence presented in court, finds that the government has met its burden beyond a reasonable doubt. I will explain what reasonable doubt means in more detail during my instructions to you at the conclusion of this trial, but is there anyone who would have difficulty following my instruction that Mr. Wilson is presumed innocent?

36.    Our law provides that a defendant is not required to call any witnesses, produce any evidence, or take the stand to testify in his own defense. If Mr. Wilson exercises hisr right not to testify, you may draw no unfavorable inferences of any kind from the fact that he has not testified.  Is there anyone who would have difficulty accepting this principle?

9

37.     At the conclusion of the trial, I will be instructing you that if you find that the government has not met its burden of proof beyond a reasonable doubt, it is your duty to find Mr. Wilson not guilty of the crimes charged in the Indictment. Is there any juror who feels that he or she might not be able to render a not guilty verdict if the evidence fails to establish Mr. Wilson's guilt beyond a reasonable doubt?

**XIII.   OTHER BIASES**

38.     In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly, and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, bias, or prejudice — and according to the law as it will be explained to you?

**XIV.   REQUESTED INSTRUCTION FOLLOWING IMPANELING OF THE JURY**

39.     From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case with anyone, and not to remain in the presence of other persons who may be discussing this case. The rule about not discussing the case with others includes discussions with your fellow jurors, even with members of your own family, and your friends.

40.     If at any time during this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk. In this regard, let me explain to you that the attorneys and the defendant in this case are under strict instructions from me not to talk to jurors, not even to offer a friendly greeting. So, if you happen to see any of them

outside this courtroom, they will, and should, ignore you. Please do not take offense. They will

be acting properly and following my instructions by doing so.

Dated:          New York, New York
                September 29, 2025

                                    Respectfully submitted,

                                    *Mark S. DeMarco*

                                    Mark S. DeMarco
                                    Jeffery Greco
                                    ***Attorneys for Leon Wilson***